In re BROOKLYN EL. R. CO.

(Supreme Court, Special Term, Kings County.    October, 1898.)

CONDEMNATION PROCEEDINGS—DEFAULT OF PROPERTY OWNERS—NOTICE.
   Where property owners fail to appear in a condemnation proceeding, they are not entitled to any notice of subsequent proceedings.

In the matter of the petition of the Brooklyn Elevated Railroad Company relative to acquiring title to certain lands.

Motion by several property owners to vacate the report of the commissioners making awards for street easements affected by the petitioner's elevated railroad structure. The owners were personally served with the petition and notice in 1893, but never appeared in the proceeding. The commissioners were appointed on default, and no notice of their appointment, or of any of the hearings to be had before them, was given by the petitioner to the property owners. The report of the commissioners making an award in each case of six cents was filed on December 13, 1893, and the said report was confirmed without notice and the final order entered on September 6, 1896. In cases of other property on the same street in the same locality where the owners did appear and participate, awards of six cents were also made. Denied.

George W. Sickels, for the motion.
Alexander S. Lyman, opposed.

GAYNOR, J. The property owners having failed to appear in the proceeding were not entitled to notice of any subsequent proceedings. A proceeding under the condemnation law to acquire title to real property is governed in that respect by the general rules applicable to actions and proceedings. If there could be any doubt of this, it would be removed by reference to the said law (Code, §§ 3364, 3369, 3370).

There being no legal ground for opening the defaults, the motion must be denied for laches, especially as the awards in contested cases in the same locality were only for six cents.